IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN F. BROWN,

                                                                      ORDER

                Petitioner,

                                                                   12-cv-861-bbc

    v.

MARC CLEMENTS, Warden,
Fox Lake Correctional Institution,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 6, 2013, I denied John F. Brown's petition for a writ of habeas corpus under 28 U.S.C. § 2254 because he had not shown that he is entitled to a writ of habeas corpus. Also in the June 6 order, I denied petitioner's request for a certificate of appealability. Now before the court is a document from petitioner that was forwarded from the Seventh Circuit Court of Appeals, titled "Application for Certificate of Appealability from District Court." Petitioner followed up by filing a separate notice of appeal. To the extent that petitioner seeks reconsideration of the earlier decision to deny him a certificate of appealability, he has raised no new argument persuading me that the earlier decision was incorrect.

Turning to petitioner's appeal, because he has not paid the $455 filing fee for the appeal, I also construe his notice as a request to proceed in forma pauperis on appeal. Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. Walker v. O'Brien, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests

1

for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $455 fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). I do not intend to certify that petitioner's appeal is not taken in good faith.

In determining whether a habeas corpus petitioner is eligible for pauper status, the court applies the formula set out in 28 U.S.C. § 1915(b)(1). Specifically, from a petitioner's trust fund account statement for the six-month period immediately preceding the filing of his appeal, I add the deposits made to petitioner's account and calculate 20% of the greater of the average monthly deposits or the average monthly balance in the account. If the 20% figure is more than the fee petitioner owes for filing his appeal, he may not proceed in forma pauperis. If the 20% figure is less than $455, he must prepay whatever portion of the fee the calculation yields.

I cannot tell whether petitioner qualifies for indigent status on appeal because he has not submitted a trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. Therefore, I will stay a decision on petitioner's request for leave to proceed in forma pauperis pending his submission of the necessary trust fund account statement.

ORDER

IT IS ORDERED that a decision whether petitioner John F. Brown may proceed <u>in forma pauperis</u> on appeal is STAYED. Petitioner may have until August 9, 2013 in which to submit a trust fund account statement for the six-month period beginning approximately December 27, 2012 and ending approximately June 27, 2013. If, by August 9, 2013, petitioner fails to submit the necessary trust fund account statement, I will deny his request for leave to proceed <u>in forma pauperis</u> on appeal for his failure to show that he is entitled to indigent status on appeal.

Entered this 22d day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge