IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN F. BROWN,

                   ORDER

         Petitioner,

                   12-cv-861-bbc

  v.

MARC CLEMENTS, Warden,
Fox Lake Correctional Institution,

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Judgment was entered in this case on June 6, 2013, denying John F. Brown's petition for writ of habeas corpus under 28 U.S.C. § 2254 and closing this case. Petitioner filed a notice of appeal, dkt. #20, and on July 22, 2013, I granted his request for leave to proceed in forma pauperis on appeal. Now before the court is petitioner's second notice of appeal, in which he also includes a request for leave to proceed in forma pauperis. Dkt. #23.

   Because this notice of appeal was received by the court on July 19, 2013, more than thirty days after the court's June 6 judgment closing this case, the appeal may be untimely. It is also unnecessary because it is duplicative of the first appeal. However, I will not deny it for these reasons, because only the Court of Appeals for the Seventh Circuit may determine whether it has jurisdiction to entertain an appeal. Hyche v. Christensen, 170 F.3d 769, 770 (7th Cir. 1999). Because petitioner has not paid the $455 fee for filing an appeal, I construe his notice as a request for leave to proceed in forma pauperis on appeal.

1

Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. Walker v. O'Brien, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the court must find both that the petitioner does not have the means to pay the $455 fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). I conclude that petitioner's appeal is not taken in good faith because it is duplicative of his previous appeal.

Because I am certifying petitioner's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $455 filing fee unless the court of appeals gives him permission to do so. Under Fed. R. App. P. 24, he has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of leave to proceed in forma pauperis on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Petitioner should be aware that he must file these documents in addition to the notice of appeal he has filed previously. If he does not file a motion requesting review of this order, the court of appeals may choose not to address the denial of leave to proceed in forma pauperis on appeal. Instead, it may require him to pay the entire $455 filing fee before it considers his appeal. If he does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that petitioner John F. Brown's request for leave to proceed <u>in forma pauperis</u> on appeal, dkt. #23, is DENIED. The clerk of court is directed to insure that Petitioner's obligation to pay the $455 fee for filing his appeal is reflected in the court's financial records.

Entered this 12th day of August, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge